UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LAMONT TAYLOR,<br><br>                    Petitioner,<br><br>     v.<br><br>RISING, et al.,<br><br>                    Respondents. | No.  2:15-cv-0984 AC P<br><br><br>ORDER |

      Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.  In his petition, petitioner states that he is challenging prison conditions and that his conviction is "not at issue."  ECF No. 1 at 1.  Although it is not entirely clear, petitioner appears to allege that he was denied access to his legal property and medical appliances because of his race and status as a disabled person, in violation of his constitutional rights.  See id. at 20.

      Petitioner is advised that his challenge to the conditions of his confinement may not be addressed in this habeas action.  Habeas jurisdiction exists only for petitioners challenging the legality or duration of their incarceration, not the conditions of confinement. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).  The proper mechanism for raising a federal challenge to conditions of confinement is through a civil rights action pursuant to 42 U.S.C. § 1983.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  Accordingly, the petition is dismissed without prejudice

to petitioner's right to file a § 1983 civil rights complaint.

<u>WARNING</u>: Petitioner is informed that upon filing a § 1983 civil rights complaint, he will be charged a $350 filing fee.  Petitioner is cautioned that this court has made no determination as to the merits of his potential § 1983 claims and has made no findings as to whether his claims would survive past the screening stage, should he elect to pursue a civil rights action.

Petitioner is further advised that prior to filing a § 1983 civil rights action, he must first file an administrative grievance with the prison and complete the prison grievance process in order to exhaust his administrative remedies as required by the Prison Litigation Reform Act.  42 U.S.C. § 1997(e)(a); <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002) (the PLRA requires that administrative remedies be exhausted prior to filing suit).  <u>See</u> <u>also</u> <u>Woodford v. Ngo</u>, 548 U.S. 81 (2006) (exhaustion requires that the prisoner complete the administrative review process in accordance with all applicable procedural rules).  Petitioner may then seek relief in federal court by filing a § 1983 civil rights complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for in forma pauperis status (ECF No. 2) is denied as moot;
2. Petitioner's application for writ of habeas corpus (ECF No. 1) is dismissed without prejudice to refiling it as a § 1983 civil rights action; and
3. The clerk of the court is directed to send petitioner a § 1983 civil rights complaint form and the accompanying directions.

DATED: October 7, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE